**SO ORDERED.**

**SIGNED this 02 day of February, 2010.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

PROMISE LAND DEVELOPMENT, LLC,           CHAPTER 11
                                          CASE NO. 09-06550-8-RDD
    DEBTOR

### ORDER DISMISSING CASE

Pending before the Court is the Motion to Convert, or in the Alternative, Dismiss Case filed by the Bankruptcy Administrator on November 12, 2009 (the "Motion") and the Response to Bankruptcy Administrator's Motion to Convert or Dismiss filed by Promise Land Development, LLC (the "Debtor") on December 7, 2009 (the "Response").[1] On January 12, 2010, the Court conducted a hearing in Wilson, North Carolina to consider the Motion and the Response.

Pursuant to the Motion, the Bankruptcy Administrator requests dismissal or conversion of this case pursuant to Section 1112(b)(4) based on the Debtor's unexcused failure to timely satisfy any filing or reporting requirements established by Title 11 of the Bankruptcy Code or any rule

---

[1] Also pending before the Court is the Motion to Dismiss or Convert Debtor's Chapter 11 Case; Motion to Lift the Automatic Stay or for Adequate Protection filed by the Hines Family Corporation on December 9, 2009 (the "Hines Family Corporation Motion") and the response filed on January 4, 2010 by the Debtor. The Hines Family Corporation Motion is moot based on the Court's dismissal of the case on the grounds set forth by the Bankruptcy Administrator.

applicable to a case under Chapter 11. As of the filing of the Motion, the Debtor had failed to pay the quarterly fees, as required by Local Bankruptcy Rule 4002-1(b), for the period ending September 30, 2009.

The Debtor does not dispute that it has failed to timely pay the quarterly fees. In its Response, the Debtor states that it currently has no income as its tenant, First Fruit Enterprises, Inc. ("First Fruit"), ceased operation of Zora's Seafood Market in late September or early October 2009. Since that time, the Debtor has not received any rental income from First Fruit. The Debtor stated at the hearing and in the Response that it is exploring options to lease or sell the principal asset, the building located at 1411 Castle Street, Wilmington, North Carolina. However, neither contracts for sale nor contracts for lease are in existence. No offers are presently pending from any party.

At the hearing, Hakeem Brantley, a principal of the Debtor, testified that he has attempted to locate a purchaser or a new tenant for the building. At the present time, he was in negotiations with a potential tenant but the proposed rent would not be sufficient to cover the monthly payment due to the secured creditor. Mr. Brantley stated that he was aware that the Debtor was in arrears for the quarterly fees due in connection with this case and that the Debtor currently had no funds available to pay such fees.

Section 1112(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code") provides that if a party in interest establishes cause, absent an unusual circumstance specifically identified by the court that conversion or dismissal is not in the best interest of creditors and the estate, a court **must** convert or dismiss a case. *emphasis added*.

Section 1112(b)(4) enumerates a non-exhaustive list of examples of cause. For example, cause is established if a party in interest can show that there is a substantial or continuing loss to the

2

estate and with the absence of a reasonable likelihood of reorganization or if the Debtor fails to pay any fees or charges required under chapter 123 of title 28 of the United States Code, including the quarterly fees.[2]

The Debtor has admitted that it does not have any funds to pay the quarterly fees and that it has no income at the present time. It has been unable to obtain any contracts to lease the property and generate any future income.  These facts establish that cause exists to convert or dismiss this case pursuant to 11 U.S.C. § 1112.  There is no evidence in the record and based on the testimony of Mr. Brantley, there does not appear to be any unusual circumstances in this case that would allow this Court to deny dismissal or conversion of this case.  Furthermore, the Hines Family Corporation, the secured creditor in this case supports dismissal.

Therefore, based on the Debtor's inability to pay its quarterly fees, the Debtor's lack of income, and only a speculative prospective tenant whose proposed rent would not service the monthly debt due to the secured creditor, and the Debtor having failed to present any unusual circumstances that would warrant the Debtor remaining in a chapter 11 proceeding, the Motion to Convert, or in the Alternative, Dismiss Case is **GRANTED** and the case is **DISMISSED**.

**SO ORDERED**.

### END OF DOCUMENT

---

[2] 28 U.S.C. § 1930(a)(6) requires that a quarterly fee be paid to the United States Trustee for deposit in the Treasury, in each case under chapter 11 of the Bankruptcy Code for each quarter until the case is converted or dismissed. Paragraph (7) provides that in districts that are not part of the United States Trustee region, the Judicial Conference may require the debtor to pay fees equal to those imposed by paragraph (6), as is the case in North Carolina.